UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREATER NEW YORK MUTUAL
INSURANCE COMPANY,
    Plaintiff,

    v.

                          CIVIL ACTION NO.

LAVELLE INDUSTRIES, INC. and    13-10164-MBB
TOTO U.S.A., INC.,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF GREATER NEW YORK MUTUAL INSURANCE COMPANY'S MOTION FOR**
**DISALLOWANCE OF COSTS (DOCKET ENTRY # 132); PLAINTIFF GREATER**
**NEW YORK MUTUAL INSURANCE COMPANY'S MOTION FOR DISALLOWANCE OF**
**COSTS (DOCKET ENTRY # 134)**

**April 25, 2017**

**BOWLER, U.S.M.J.**

     Pending before this court are two motions to disallow costs filed by plaintiff Greater New York Mutual Insurance Company ("plaintiff"). (Docket Entry ## 132, 134). Plaintiff objects to various items in a bill of costs filed by defendant Lavelle Industries, Inc. ("Lavelle") and another bill of costs filed by defendant Toto U.S.A, Inc. ("Toto"). (Docket Entry ## 131, 133).

    After a seven-day trial, the jury found in favor of Lavelle and Toto ("defendants") against plaintiff. A final judgement entered on August 3, 2016 dismissing this action on the merits. (Docket Entry # 130). As prevailing parties, Lavelle and Toto each filed a bill of costs. (Docket Entry ## 131, 133).

Plaintiff's motions seek to disallow a substantial portion of these costs.

## DISCUSSION

The recovery of costs is governed by 28 U.S.C. § 1920 ("section 1920") and Fed.R.Civ.P. 54(d) ("Rule 54(d)"). Section 1920 states that the "judge or clerk of any court of the United States may tax as costs":

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket Fees . . .;
> (6) Compensation for court appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920. Rule 54(d) requires that costs, other than attorney's fees, be allowed to the prevailing party, unless "a federal statute, these rules, or a court order provides otherwise." Fed.R.Civ.P. 54(d)(1). Courts are "bound by the limitations" established by section 1920 and costs not listed under that section may not be awarded. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987).

I. Cost of Deposition Transcripts

Lavelle and Toto each request that plaintiff pay for the deposition transcript costs of Alan Summer ("Summer"). In addition to Summer, Toto requests that plaintiff pay for the

deposition transcript costs of Shaun McKenna ("McKenna"),

Richard Mansfield ("Mansfield"), Erik Deutsch ("Deutsch"), and

Julie Hong ("Hong"). Plaintiff disagrees and argues that,

because Toto's deposition transcripts were not entered into

evidence, they are not a permissible cost. (Docket Entry #

134).

Section 1920 allows an award of fees for printed or

electronically recorded transcripts "necessarily obtained for

use in the case." 28 U.S.C. § 1920(2). The cost of depositions

is taxable if they are used at trial or introduced into

evidence. See Conway v. Licata, 144 F.Supp.3d 212, 217 (D.Mass.

2017). The transcript costs that Toto seeks fall within the

confines of section 1920(2) because portions of the transcripts

of McKenna, Mansfield, Deutsch, and Hong were used to cross-

examine trial witnesses. However, even though portions of

Summer's deposition were read into the record, Lavelle did not

offer any portions of that transcript and therefore plaintiff is

not responsible for the cost.

With respect to Lavelle, plaintiff submits that Lavelle did

not use the deposition transcript of Summer. (Docket Entry #

132). Plaintiff notes that it offered portions of the

deposition transcript of Summer into evidence. On cross

examination, plaintiff points out that Lavelle did not counter-

designate any part of Summer's transcript to be read to the

jury. (Docket Entry # 132). Therefore, it cannot be concluded that portions of the transcript was both "obtained for use in the case" and was used at trial. 28 U.S.C. § 1920(2); Conway v. Licata, 144 F.Supp.3d at 217; see Simmons v. O'Malley, 235 F.Supp.2d 442, 443 (D. Md. 2002). Therefore, plaintiff is not responsible for the transcript cost of Summer.

## II.   Copying Costs

Plaintiff also objects to both defendants' copying costs. (Docket Entry ## 132, 134). With respect to copying costs, plaintiff submits that Toto and Lavelle each failed to show what the charges were for, why the production of certain documents was necessary, and that the documents were used at trial. (Docket Entry ## 132, 134).

Section 1920(4) states, "[C]osts of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed. 28 U.S.C. § 1920(4). Copying costs are therefore taxable provided they are "reasonably necessary for use in the case rather than incidental to the trial or incurred in preparation for it." Osorio v. One World Techs., Inc., 834 F.Supp.2d 20, 23 (D.Mass. 2011). There still, however, must be evidence of the necessity. See Bowing v. Hasbro, Inc., 582 F.Supp.2d 192, 210 (D.R.I. 2008) (page-by-page justification not required, but prevailing party must offer some evidence of necessity).

Toto and Lavelle supplied documentation in each of its bill of costs to show that the copies were reasonably necessary to defend against plaintiff's claims. See Osorio, 834 F.Supp.2d at 23. As explained in Osorio, in complex cases, it is reasonable to prepare a large number of exhibits in order to prepare and present a case within the "unknowable flow of trial." See id. Defendants produced the necessary invoices for copying from the vendors which this court finds were reasonably necessary in this case. These costs are therefore recoverable. See id.

III. Daily Trial Transcript Fees

Toto seeks $169.40 for the daily transcript of the testimony of McKenna at trial. (Docket Entry # 133). Plaintiff maintains that, because the transcript costs were not requested in a motion filed prior to the commencement of trial, it is not responsible for the cost. (Docket Entry # 134). Additionally, plaintiff contends that the transcript was not necessarily obtained for use in this court and therefore it is not accountable for the cost. (Docket Entry # 134). Toto submits that the transcript was necessary because plaintiff's expert, McKenna, offered testimony that varied dramatically from his opinions at deposition and therefore the transcript was essential in preparation for cross-examination. (Docket Entry # 135).

As noted previously, section 1920(4) states, "[C]osts of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed. 28 U.S.C. § 1920(4). Here, although the transcripts were not used at trial, "special circumstances" dictated their necessity. See Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F.Supp. 147, 151 (D.R.I. 1996) (special circumstances were shown where transcripts were necessary for cross examination of adverse parties' witnesses). Accordingly, the daily transcript cost ($169.40) requested by Toto is a permissible cost.

IV.  Fees For Witnesses

Plaintiff challenges the fees associated with a number of witnesses for both defendants. Plaintiff submits that the fees are in excess of the statutory limits. (Docket Entry ## 133, 134).

A.  Toto's Witness, David Nichols-Roy

Toto requests $3,114.40 in costs for its witness David Nichols-Roy ("Nichols-Roy"). (Docket Entry # 133). It requests seven days in attendance totaling $280.00, seven days of subsistence totally $2,114.00, and a total mileage cost of $720.40. (Docket Entry # 133). Plaintiff contests these charges because Nichols-Roy only testified on two days. (Docket Entry # 134).

i.  Attendance Fee

Section 1920(3) permits witness expenses to be taxed within the limits set forth in 28 U.S.C. § 1821 ("section 1821"). <u>See</u> <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42, (1987). A witness may accordingly receive $40.00 for each day he or she attends trial, including "the time necessarily occupied in going to and returning from the place of attendance." 28 U.S.C. § 1821(b). A witness's compensation is not limited to the days the witness testifies, but also includes the days the witness necessarily attends trial and the time spent during delays. <u>See</u> <u>Haemonetics Corp. v. Fenwal, Inc.</u>, 863 F.Supp.2d 110, 117 (D.Mass. 2012).

Toto maintains that plaintiff's counsel represented to the court at a hearing immediately prior to trial that its case would take one and a half days and Toto therefore scheduled its witnesses accordingly. (Docket Entry # 135). For these reasons, plaintiff is ordered to pay the daily attendance cost for Nichols-Roy for the six days that he attended trial which totals $240.00.

ii. <u>Subsistence Fee</u>

Toto next seeks a subsistence fee for the seven days that Nichols-Roy attended trial. Plaintiff asserts that only five nights of hotel receipts were submitted in the bill of cost and Nichols-Roy was on unrelated business in Washington, D.C. the other two nights. (Docket Entry ## 134, 135).

A subsistence fee is available to witnesses required to stay overnight and participate in the trial.  See id. Accordingly, plaintiff is only responsible for five days.  The United States General Services Administration ("GSA") set the daily amount in Boston for the time period in question at $233.00 a day.  28 U.S.C. § 1821(d)(2); Sadulsky v. Town of Winslow, 2016 WL 3039713, at *3 (D.Me. May 27, 2016); See Bucksar v. Mayo, 2013 WL 1320445, at *2 (D.Mass. Mar. 28, 2013); https://www.gsa.gov/portal/category/100120.  Plaintiff is therefore responsible for a subsistence fee ($233/day) for five nights, totaling $1,165.00.  Additionally, plaintiff is responsible for five days of meal allowance at a *per diem* rate of $69.00, for a total cost of $345.00.  See Bucksar v. Mayo 2013 WL 1320445, at *2.

Toto also requests payment for two separate airline tickets for Nichols-Roy.  (Docket Entry # 133).  Under section 1821(c)(1), a witness traveling by common carrier may be reimbursed for actual "transportation reasonably utilized and the distance necessarily traveled . . . by the shortest practical route in going to and returning from the place of attendance."  See Haemonetics Corp. v. Fenwal, Inc., 863 F.Supp.2d at 117.  Nichols-Roy's flight to and from Ronald Reagan Washington National Airport in the midst of trial was not distance necessarily traveled for the trial.  Plaintiff is thus

responsible only for the price of a round trip flight from Boston to Chicago on American Airlines on the flights booked by Nichols-Roy, which totals $278.00.

B. Toto's Witness, Eddie Lee Johnson

Plaintiff asserts that the total amount of $4,616.00 for Eddie Lee Johnson ("Johnson") must be disallowed because he is a party in the case. (Docket Entry # 133). Toto asserts, however, that Johnson is neither a named party nor a person suing in a representative capacity. (Docket Entry # 134). Johnson appeared as a witness in this case as a corporate representative, which is an allowable cost. See Bowling v. Hasbro, Inc., 582 F.Supp.2d at 208. Witness fees for employees of a corporate party are allowable provided the employee is not a real party in interest. See Todd Shipyards Corp. v. Turbine Services, Inc., 592 F.Supp. 380, 400 (E.D.La. 1984). Toto is thus entitled to recover $3,563.00 associated with Johnson's attendance at trial.

i. Attendance

As stated above, section 1821(b) does not limit a witness's compensation to the days the witness testifies. Rather, it also authorizes costs for each day the witness necessarily attends trial and the time spent during delays and temporary adjournments. See Haemonetics Corp. v. Fenwal, Inc., 863 F.Supp.2d at 117 (D.Mass. 2012). Johnson attended all six days

of trial.  Plaintiff is therefore responsible for six days of
attendance fees totaling $240.00.

### ii.  Subsistence Fee

A subsistence fee is permissible for witnesses required to
stay overnight and participate in trial.  See id.  Johnson
arrived the day before the trial began in order to be in
attendance and was required to stay eight nights until the
conclusion of trial.  For these reasons plaintiff is required to
pay the GSA rate for subsistence fees of $233.00 a day for the
eight days totaling $1,864.00.  Additionally, Johnson was in
Boston for nine days and therefore plaintiff is responsible for
the GSA rate for *per diem* meals of $69.00 a day for a total of
$621.00.

Moreover, plaintiff is required to pay the travel expenses
for Johnson.  Toto seeks an additional $700.00 in excess travel
costs for Johnson for a one-way flight from Boston to Richmond,
Virginia on August 1ᐟ 2016.  Johnson's testimony concluded on
July 29, 2016 and therefore any additional travel costs are
impermissible.  Plaintiff is therefore responsible for the
$838.00 invoice for a round trip flight from Atlanta, Georgia to
Boston arriving July 24, 2016 and returning July 29, 2016.

### C.  Lavelle's Witness, Scott Meeks

Plaintiff objects to seven Uber charges in relation to the
travel of Scott Meeks ("Meeks").  (Docket Entry # 134).  As

noted above, section 1821(b) does not limit a witness's compensation solely to the days the witness testifies.  Rather, compensation includes each day the witness necessarily attends trial and the time spent during delays and temporary adjournments.  See id.  The contested but necessary Uber charges are to and from Meeks's hotel and the court as well as Logan Airport.  Therefore, plaintiff is required to pay the $124.09 Uber charge.

Meeks also spent four nights in Boston and, consequently, plaintiff is responsible for paying the GSA subsistence rate of $233.00 per day.  Plaintiff is therefore responsible for a $932.00 subsistence cost as opposed to the $1,975.39 requested by Lavelle.

D. Lavelle's Witness, Kevin Guthrie

Plaintiff contests the fees for Kevin Guthrie ("Guthrie") on the same basis as Toto's witness, Johnson.  (Docket Entry # 132).  Plaintiff submits that because Guthrie is an employee of Lavelle, the expenses are not taxable.  (Docket Entry # 132).  As noted previously, witness fees for employees of a corporate party are allowable provided the employee is not a real party in interest.  See Todd Shipyards Corp. v. Turbine Services, Inc., 592 F.Supp. at 400.  Guthrie is not a named party nor is he a party in interest.  The costs are therefore permissible.

Additionally, Guthrie arrived on July 24, 2016 and departed on July 29, 2016 and Lavelle is therefore entitled to receive costs at the GSA subsistence rate of $233.00 a day for five days totaling, $1,165.00. 28 U.S.C. § 1821(d). Moreover, plaintiff is responsible for the *per diem* meal cost at the GSA *per diem* meal allowance of $69.00 per day for six days totaling $414.00. Plaintiff is also responsible for the uncontested costs in Lavelle's bill of costs.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motions to disallow costs (Docket Entry ## 132, 134) are **ALLOWED** in part and **DENIED** in part. With respect to Toto, it is awarded the following fees: $2,482.15 for transcripts, $1,363.12 for copying, and $5,591.00 for witnesses. With respect to Lavelle, it is awarded the following fees: $164.00 for service of summons, $2,638.25 for transcript costs, $4,827.25 for witness fees, and $1,424.85 for copying.

_/s/ Marianne B. Bowler_
**MARIANNE B. BOWLER**
United States Magistrate Judge